JASPER E. JONES, Judge.
This is an appeal of a trial court judgment awarding the parties a divorce, granting to the wife sole custody of the children of the marriage and assessing the husband a $250.00 monthly child support obligation. The plaintiff-appellant is Lee Murry Thomas. The defendant-appellee is Hazel Banks Thomas.
We affirm in part, reverse in part and remand for further evidentiary proceedings.
FACTS
On December 3, 1980, the appellee filed suit against the appellant seeking a separation from bed and board. The basis of the suit was the appellant’s alleged legal fault characterized by the following:
(1) cruel treatment and excesses against the appellee;
(2) failing to provide the basic necessities for his wife and children even though the appellant had the ability to pay;
(3) failing to account for the money not spent on the appellant’s family;
(4) remaining away from home excessively; and
(5) verbal harassment of the appellee.
The appellant was properly served but chose not to respond. A default judgment was taken and subsequently confirmed. On January 9, 1981, the trial court rendered judgment granting the appellee a legal separation and awarding her sole custody of the three children, ages 11, 10 and 8, and assessing the appellant a $250.00 per month child support obligation. The record of the separation suit filed with this appeal does not include any testimony or any statement of facts regarding the custody and child support determinations.
On April 14, 1986, the appellant filed a verified petition for divorce based upon liv- ■ ing separate and apart for six months without reconciliation from the date of the legal separation. The petition also included the following allegations and prayer:
5.
“The custody of the children mentioned in paragraph 4 was granted to defendant in the judgment of legal separation, however, petitioner and defendant have consistently maintained a joint custody agreement whereby they both enjoy custodial rights and petitioner desires that the informal joint custody plan in operation be continued.
[[Image here]]
WHEREFORE, PETITIONER PRAYS that there be judgment herein in favor of petitioner, LEE MURRY THOMAS, and against defendant, HAZEL BANKS THOMAS, decreeing a divorce a vinculo matrimonii between them and forever dissolving the bonds of matrimony. PETITIONER FURTHER PRAYS that there be judgment herein granting the parties joint custody in the informal man *1294 ner which has been agreed upon and employed by the parties.”
The appellee was personally served but chose not to answer or respond and a preliminary default judgment was taken.
The trial court subsequently confirmed the preliminary default and granted the divorce but determined to continue sole custody of the children with the appellee and to continue the child support award in the amount of $250.00 per month. By judgment signed on July 10, 1986, the ap-pellee was awarded sole permanent custody of the children and the appellant was assessed the $250.00 per month child support obligation payable to the appellee.
Only the plaintiff has appealed and the defendant has not responded in brief.
The appellant’s assignments of error present the following issues:
(1) Did the trial court err in continuing the sole custody and child support provisions incorporated into the prior judgment for the legal separation?
(2) Did the trial court err in failing to award joint custody of the children to the parties?
Issues #1 & #2 — Should the trial court have waived the implementation plan and awarded the joint custody of the children to the parties?
The appellant argues the trial court was clearly wrong in continuing the custody provisions of the prior legal separation judgment and in not awarding the joint custody of the children according to an “informal” arrangement. The appellant asserts that the trial court should have waived the requirement for the joint plan and should not have assessed any child support payments as the children were living with him and would continue to do so in the future.
The record reveals that at the trial on the confirmation the appellant testified the children had lived with the appellee after the legal separation for “about a year and a half, two years” before leaving the appel-lee and moving in with her parents in Dodson, Louisiana. The appellant also related the appellee is still living in Morehouse Parish and the children usually spend the school year with their grandparents and the summer with him. The children had been residing with the appellant for two months prior to the trial and they were going to live with him in the fall. The appellant concluded by testifying he and his former wife had an “informal arrangement” whereby she had the right to see the children whenever she wished and that he desired the trial court to award him the legal custody of the children and that he would be agreeable to assume their support.
The trial court noted that no joint custody plan had been attached to the petition and filed into the divorce suit and that the appellee had insufficient notice as to exactly what was being sought other than “an informal custody plan.”
Josie Mays, sister of the appellant, testified that the appellee lived down the street from her and that she sees the appellee once a month. The witness also related that the children had lived with the appel-lee only a short time after the legal separation and had not returned.
We conclude the default judgment must be reversed and set aside as to the custodial and child support determination and the matter remanded for further evidentiary proceedings. The appellant’s demand seeks to change the prior award of sole custody which was awarded to the appellee and substitute an “informal” custody arrangement making him domicilary parent or either sole custodian of the children with the appellee awarded liberal visitation rights. The best interest of the children is the proper consideration and the law presumes joint custody is in the best interest of a minor child. LSA-C.C. art. 146 A(l), C, E.[1] The record establishes the *1295 children have not actually resided with the appellee for approximately three years and were residing with appellant at the time the judgment appealed was signed. These facts establish that the prior sole custody determination may not now be in the children’s best interest and the custody award contained in the divorce judgment continuing the custody of the children in the appel-lee is not supported by the evidence. Although the appellee’s failure to answer the petition is deemed an admission to the appellant’s allegation that they have consistently maintained a joint custody agreement, the trial court is not required to acquiesce to this unknown arrangement and is required to order the parents to submit a plan of implementation unless this requirement is waived for good cause. Spencer v. Spencer, 472 So.2d 302 (La.App. 3d Cir.1985); LSA-C.C. art. 146 A(l); LSA-C.C.P. art. 1004.[2] The trial court should have held an evidentiary hearing requiring the submission of a plan of implementation so as to ascertain what custodial arrangement is now in the children’s best interest.
CONCLUSION
The judgment of divorce is AFFIRMED. The judgment awarding the defendant custody of the children and $250.00 per month child support is REVERSED and SET ASIDE. This case is REMANDED with the following instructions:
(1) The trial court is to direct the appellant and appellee to submit a plan of implementation for the award of joint custody of the children in accordance with LSA-C.C. art. 146 A(l) and hold a hearing to determine what custody plan would be in the best interest of the children and award any child support deemed necessary; and
(2) The appellee, Hazel Banks Thomas, is to be informed of the nature of the above *1296 referenced evidentiary hearing and afforded an opportunity to respond and participate by way of service of process.
All costs of this appeal are assessed against the appellant.

. Art. 146. Custody of children pending the litigation
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
*1295 (1) To both parents jointly. The court shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the custody order or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree.
[[Image here]]

C.There shall be a rebuttable presumption that joint custody is in the best interest of a minor child.

(1) However, the parents may agree to an award of custody to one parent.
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(/) Any other factor considered by the court to be relevant to a particular child.
[[Image here]]
D. For purposes of this Article, "joint custody” shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2).
[[Image here]]
E. Any order for joint custody, or any plan of implementation effected pursuant to Paragraph A of this Article, may be modified or terminated upon the petition of one or both parents or on the court's own motion, if it is shown that the best interest of the child requires modification or termination of the order, [emphasis added]
[[Image here]]

. Art. 1004. Denials
The answer shall admit or deny the allegations of fact contained in each paragraph of the petition, and all such allegations, other than those as to the amount of damages, are admitted if not denied in the answer.